## AUTO SPRING REPAIRER CO. v. GRINBERG et al.

(Circuit Court, S. D. New York. January 26, 1910.)

PATENTS (§ 210*)—LICENSE—IMPLIED LICENSE FROM SALE OF PARTS.

    Purchasers from the owner of a patent of parts used in making the patented article *held* to have an implied license to make as many of the patented articles as were necessary to use up all of such parts.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 210.*]

In Equity. Suit by the Auto Spring Repairer Company against David Grinberg and Adolph Morris. On motion for preliminary injunction. Motion granted.

C. S. Champion, for complainant.

S. S. Meyers, for defendants.

HAND, District Judge. I have no trouble in construing the memorandum of delivery to the defendants at the time they purchased the odd parts of the repairer as equivalent to a license to them to make them up. Moreover, under the circumstances which attended the sale, I think a license covered the right to supply any parts sufficient to use up all those parts which were delivered. In other words, as there were more bolts and plates than enough to supply the arches delivered, I can-

not but think that the parties meant to give the defendants the right to make new arches, so as to use up those bolts and plates. The patentee's business at the time was supposed to be over. It was, of course, possible that a new company would be formed; but that was necessarily a remote contingency. Cluff wished to dispose of the junk for what he could get, and it must have been the intention of both sides that the purchaser should have the right to use it in any way that he wished, which included making it up into the patented articles. It is true that Cluff denies having made the general statements attributed to him, and further says that he told Morris that he was to make no more arches, as they were patented. Upon this, however, I cannot decide at this time, for I must resolve disputes against the injunction pendente lite, even when they concern the license itself, which is interposed as a defense.

Therefore let a writ go forbidding the defendant from making or selling any of the patented articles, except such as contain some of the parts which were sold and delivered to them by the old partnership on February 13, 1909. The writ will also provide that they must not colorably distribute the parts, so as to make them last as long as possible, but must use as many of the parts sold as they can in making up each article.

The question of whether they have already sold articles outside of the license must be reserved for the accounting, and that of whether they sell any in the future will come up under contempt proceedings. The right being unquestioned, they cannot be hurt by this injunction, even if they have not in fact sold any outside of the license.